_____ FILED       _____ ENTERED
_____ LODGED      _____ RECEIVED

JUL -9 2018   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

ROGER SINCLAIR WRIGHT, an individual.

                 Plaintiff,

       v.

CHRISTOPHER GREGORIO, in his individual
and official capacity as a Seattle Police
Department Officer; MICHAEL LARNED, in
his individual and official capacity as a Seattle
Police Department Officer; MICHAEL BONET,
in his individual and official capacity as a
Seattle Police Department Officer; ERNEST
JENSEN, in his individual and official capacity
as a Seattle Police Department Officer; SYLVIA
PARKER, in her individual and official capacity
as a Seattle Police Department Officer;
WILLIAM WALTZ, in his individual and
official capacity as a Seattle Police Department
Officer; JAMES THOMSEN, in his individual
and official capacity as a Seattle Police
Department Officer; VASILIOS SIDERIS, in
his individual and official capacity as a Seattle
Police Department Officer; BRIAN HUNT, in
his individual and official capacity as a Seattle
Police Department Officer; EVAN EHRING, in
his individual and official capacity as a Seattle
Police Department Officer; TIMOTHY
BRENTON, in his individual and official
capacity as a Seattle Police Department Officer;
THE CITY OF SEATTLE, a municipal
corporation; and DOES 1-10;

                 Defendants

No. **18 CV 1006** RSM

**COMPLAINT FOR DAMAGES**

(DEMAND FOR JURY TRIAL)

COMPLAINT FOR DAMAGES – 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.   PRELIMINARY STATEMENT

1.      Plaintiff Roger Sinclair Wright is an African-American male who has been physically and mentally abused on multiple occasions by white police officers employed by the Seattle Police Department. These are the type of incidents that later caused the Department of Justice to conclude that the Seattle Police Department "engages in a pattern or practice of unnecessary or excessive force, in violation of the Fourth Amendment to the United States Constitution." Defendant the City of Seattle has engaged in an on-going, concerted effort to conceal the facts surrounding its abuse of Mr. Wright.

## II.   PARTIES

2.      Plaintiff Roger Sinclair Wright is an adult African-American male. Mr. Wright resides in Renton, Washington, within this judicial district.

3.      Defendant Michael Bonet is an individual who, upon information and belief, resides in this judicial district. At all times relevant hereto, Defendant Michael Bonet was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Bonet were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

4.       Defendant Ernest Jensen is an individual who, upon information and belief, resides in this judicial district. At all times relevant hereto, Defendant Ernest Jensen was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Jensen were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

5.      Defendant Sylvia Parker is an individual who, upon information and belief,

COMPLAINT FOR DAMAGES – 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

resides in this judicial district. At all times relevant hereto, Defendant Sylvia Parker was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of her employment. All acts committed by Defendant Parker were done under color of the laws of the State of Washington and under the authority of her position as a police officer with the Seattle Police Department.

6.      Defendant William Waltz is an individual who, upon information and belief, resides in this judicial district. At all times relevant hereto, Defendant William Waltz was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Waltz were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

7.      Defendant James Thomsen is an individual who, upon information and belief, resides in this judicial district. At all times relevant hereto, Defendant James Thomsen was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Thomsen were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

8.      Defendant Valsilios Suderis is an individual who, upon information and belief, resides in this judicial district. At all times relevant hereto, Defendant Valsilios Sideris was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Sideris were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

9.      Defendant Brian Hunt is an individual who, upon information and belief, resides in this judicial district. At all times relevant hereto, Defendant Brian Hunt was a

COMPLAINT FOR DAMAGES – 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Hunt were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

10.   Defendant Evan Ehring is an individual who, upon information and belief, resides in this judicial district. At all times relevant hereto, Defendant Evan Ehring was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Ehring were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

11.   Defendant Timothy Brenton is an individual who, upon information and belief, resides in this judicial district. At all times relevant hereto, Defendant Timothy Brenton was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Brenton were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

12.   Defendant Christopher Gregorio is an individual residing in this judicial district. At all times relevant hereto, Defendant Gregorio was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope of his employment. All acts committed by Defendant Gregorio were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

13.   Defendant Michael Larned is an individual residing in this judicial district. At all times relevant hereto, Defendant Larned was a police officer with the Seattle Police Department, an employee of the City of Seattle, and was acting within the course and scope

COMPLAINT FOR DAMAGES – 4

of his employment. All acts committed by Defendant Larned were done under color of the laws of the State of Washington and under the authority of his position as a police officer with the Seattle Police Department.

14.     Defendant City of Seattle is a governmental entity and a municipal corporation operating in this judicial district. Among its departments is the Seattle Police Department, which is responsible for traditional law enforcement activities within the City of Seattle.

15.     Plaintiff does not know the true names or capacities of all the law enforcement officers and staff.  These Defendants are sued herein under the fictitious names DOES 1 through10, inclusive. Plaintiff is informed and believes, and on that basis alleges, that DOES 1 through 10 have knowledge and/or notice of the conduct, transactions and/or occurrences that form the basis of Plaintiff's allegations herein, officers, agents and/or employees of Defendants, City of Seattle and/or the City of Seattle Police Department.

16.     All of the DOE Defendants are sued individually and in their official capacities. All John and Jane DOES are persons or entities who are currently Unidentified Law Enforcement Officer(s), herein identified as DOES until ascertained to Plaintiff, but who may be liable for the damages suffered by the Plaintiff as alleged herein. Plaintiff will amend this Complaint to state their true names and capacities when ascertained. To date, their identities have been concealed by Defendant City of Seattle.

### III.     JURISDICTION AND VENUE

17.     This Court has original jurisdiction over the plaintiff's civil rights claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) and 28 U.S.C. § 2201. Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

18.     Venue is proper within the Western District of Washington pursuant to 28

COMPLAINT FOR DAMAGES – 5

U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## IV.  FACTUAL ALLEGATIONS

19.    On October 9, 2004, Mr. Wright was standing in a QFC parking lot near Rainier Ave. S. and S. McClellan street in Seattle, Washington.

20.    Without warning or explanation, Mr. Wright was approached and attacked, without provocation, by multiple Seattle Police Officers, including Defendants Michael Bonet, Ernest Jensen, Sylvia Parker, William Waltz, and DOES 1-3. Mr. Wright was punched, kicked, kneed, and wrestled to the ground. Mr. Wright was then choked by one of the Seattle Police Officers until he fell unconscious. The Seattle Police Officers said absolutely nothing before attacking Mr. Wright.

21.    When Mr. Wright regained consciousness, he was standing on the shoulder of the I-90 freeway in Seattle. He was completely naked. Within a few moments of regaining consciousness, Mr. Wright was tazed by the several Seattle Police Officers, including Defendants James Thomsen, Valsilios Sideris, Brian Hunt, Evan Ehring, and Timothy Brenton.

22.    Mr. Wright was subsequently placed into an ambulance and taken to the hospital for treatment of his injuries. The arresting officers falsely told the responding medic that Mr. Wright had taken the drug PCP. Based on that lie, the physicians at the hospital administered Mr. Wright the anti-psychotic drug Hadol-an. Tests performed at the hospital, however, later confirmed that Mr. Wright had no PCP in his system.

23.    As a result of Defendants extreme, unconscionable, and excessive use of force, Mr. Wright suffered substantial injury, including but not limited to, emotional distress including PTSD, memory loss, traumatic brain injury, pain and suffering, humiliation, fear of incarceration, anxiety, depression, inability to sleep and loss of consortium.

COMPLAINT FOR DAMAGES – 6

24.     About one week later, Mr. Wright suffered a chaotic episode triggered by the anti-psychotic drug Hadol-an, which he was administered because of the deliberate lies of Defendants, as noted above. Mr. Wright was walking down a public street acting erratically. He was tazed by other unidentified Seattle Police Officers, including DOES 4-5.

25.     This further exacerbated Mr. Wright's substantial injury, including but not limited to, his PTSD, which he continued to suffer from for over 12 years.

26.     Defendants continued their pattern of harassing and abusive conduct towards Mr. Wright.

27.     Mr. Wright was criminally charged and convicted of a crime based on the warrantless stop and search of his automobile by Defendants, on or around November 29, 2006.

28.     After almost six years of legally contesting the conduct of Defendants under color of state law, Mr. Wright finally received confirmation of his constitutional injury on April 5, 2012 when the Washington Supreme Court ruled, in *State v. Wright* (consolidated with *State v. Snapp*), 275 P.3d 289 (Wash. 2012) that Defendants' search of Mr. Wright's vehicle violated his constitutional rights.

29.     On November 29, 2006, Defendant Seattle police officer Christopher Gregorio was approaching the intersection with South Roxbury Street and Waters Avenue South.

30.     At 4:45 p.m., as he approached Roxbury, Officer Gregorio saw Mr. Wright driving a car a block away on a parallel street, 59th Avenue South, driving north without his car headlights on.

31.     Defendant Gregorio proceeded to follow Mr. Wright in his patrol car and later claimed it was for failing to have his headlights turned on even though the law did not require headlights at that time of the day, because he was not legally required to do so since

COMPLAINT FOR DAMAGES – 7

less than half an hour had passed since "sunset occurred at 4:21 p.m." and the law did not require that headlights be turned on. Thus, Defendant Gregorio lacked reasonable suspicion or probable cause to stop Mr. Wright for a traffic infraction.

32.     Defendant Gregorio immediately pulled in behind Mr. Wright's vehicle to stop Mr. Wright, while calling for a backup police officer to respond to the scene at the same time.

33.     Mr. Wright did not try to evade the stop by Defendant Gregorio and immediately complied stopping his vehicle.

34.     Defendant Gregorio then approached Mr. Wright, the sole occupant of the car, and demanded his driver's license, registration, and proof of insurance.

35.     Defendant Gregorio told Mr. Wright that he had stopped him, ostensibly due to Officer Gregorio's generalized concern and subjective belief that the entire area was a "hot spot" for car prowls and burglaries, is the type of generalized search strictly forbidden by the Fourth Amendment, as well as Article I, Section 22 of the Washington Constitution.

36.     Mr. Wright was handcuffed and placed under arrest for possession of marijuana based on the Defendant Gregorio's claim there was a strong odor of marijuana coming from the car.

37.     Upon Defendant Gregorio's arrest of Mr. Wright, he passed him off to Defendant Larned, the backup officer who responded to Defendant Gregorio's request for backup shortly after he had initiated contact with Mr. Wright.

38.     Mr. Wright was placed in the back of a patrol car and questioned by Defendant Gregorio about the purported odor of marijuana in the car. However, at no point did Defendant Gregorio witness Mr. Wright smoking marijuana.

39.     Mr. Wright was secured in the patrol car at the time the officer proceeded to search the car incident to arrest for evidence of the crime of arrest: possession of marijuana.

COMPLAINT FOR DAMAGES – 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

40.   In the course of this intrusive search with the aid of a canine (K-9) unit, the officer located marijuana, MDMA, and a scale. During the entirety of this search, Wright was secured in the patrol car, so there were was no reasonable threat to officer safety or belief that evidence would be lost or destroyed.

41.   Mr. Wright was subsequently convicted of two counts of possession of marijuana and MDMA following the denial of his motion to suppress evidence illegally obtained by Defendants' unconstitutional search and seizure of Mr. Wright and his vehicle. After Mr. Wright's direct appeal to the Washington Court of Appeals, his convictions were upheld.

42.   Plaintiff Roger Wright then filed a motion for reconsideration in light of the United States Supreme Court decision in *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L. Ed. 2d 485 (2009). The Court of Appeals again affirmed the trial court's rulings.

43.   Mr. Wright then filed a petition for discretionary review to the Supreme Court of Washington. Upon which, the Washington Supreme Court specifically invalidated the search of Mr. Wright's vehicle by Defendants as unconstitutional and reversed Mr. Wright's convictions on April 5, 2012; and the Court remanded Mr. Wright's case for further proceedings consistent with its ruling.

44.   As a result of the Defendants' illegal search and seizure and wrongful conviction thereto, Mr. Wright has suffered substantial injury, including but not limited to, PTSD, memory loss, pain and suffering, humiliation, fear of incarceration, anxiety, depression, inability to sleep and loss of consortium. In short, the Defendants have directly caused the dramatic worsening of Roger Wright's life.

45.   Mr. Wright suffered and continues to suffer greatly from the stigma and publicity surrounding the occurrence, and the deprivation of Mr. Wright's civil rights that permeated this entire affair.

COMPLAINT FOR DAMAGES – 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

46.    Mr. Wright previously initiated a civil legal action against Defendants for their unconstitutional conduct. *See Wright v. Gregorio, et. al.*, Cause No. 2:14-cv-00592-MJP (W.D. Wash.) (complaint filed 4/22/14). That action was dismissed *without prejudice* to allow Mr. Wright to re-file this case.

## V.    MONELL ALLEGATIONS

47.    All Defendants and their respective officials, with deliberate indifference to the constitutional rights of persons within its jurisdiction, each respectively maintained or permitted one or more of the following official policies or customs:

         A.    Failure to provide adequate training and supervision to law enforcement officers with respect to constitutional limits on legal standards of making stops of vehicles;

         B.    Failure to provide adequate training and supervision to law enforcement officers with respect to constitutional limits on legal standards of conducting searches of vehicles;

         C.    Failure to provide adequate training and supervision to law enforcement officers to prevent officers from the unconstitutional use of race, ethnicity and color in selecting suspects for investigating and enforcement of the law; i.e., racial profiling.

48.    Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), all Defendants, respectively, are each liable for all injuries sustained by Plaintiff Roger Sinclair Wright as set forth herein. The liability of the Defendants arises from the fact that the Defendants' policies and customs were a direct and legal cause of the damages of Mr. Wright.

49.    The deliberate indifference to the deprivation of the Plaintiff's rights by the Defendants is so closely and proximately related to injuries suffered by Plaintiff as to be the

COMPLAINT FOR DAMAGES – 10

moving force that caused said injuries, as detailed herein.

50.    Pursuant to 28 U.S.C. § 1331, upon proof of Defendants' violation of his federal constitutional rights Plaintiff is entitled to, and herein seeks, money damages, including compensatory and punitive damages from Defendants.

## VI.    FIRST CAUSE OF ACTION: EXCESSIVE FORCE (42 U.S.C. § 1983)

51.    Plaintiff restates the allegations of the above paragraphs.

52.    Defendants, acting under color of state law and in concert with one another, stopped, seized, and used unreasonable and unnecessary force on Mr. Wright without justification, in violation of the Fourth Amendment guarantee against unreasonable searches and seizures. Those actions give rise to Plaintiff's claims pursuant to the Fourth Amendment, applicable to the states through the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. §1983.

53.    Defendants' acts were the direct and proximate cause of injury to Plaintiff. They were intentional and done in knowing violation of Plaintiff's legal and constitutional rights, without good faith, and with reckless disregard and/or callous indifference to Plaintiff's civil rights.

54.    Defendants' conduct interfered with Plaintiff's ability to assert his rights pursuant to the Fourth Amendment of the United States Constitution.

55.    Pursuant to 28 U.S.C. § 1331, upon proof of Defendants' violation of his federal constitutional rights Plaintiff is entitled to, and herein seeks, money damages, including compensatory and punitive damages from Defendants.

## VII.    SECOND CAUSE OF ACTION: UNREAONABLE SERACH AND SEIZRUE - PERSON - (42 U.S.C. § 1983)

56.    Plaintiff restates the allegations of the above paragraphs.

COMPLAINT FOR DAMAGES – 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

57.     Defendants, acting under color of state law and in concert with one another, stopped, searched, seized and arrested Mr. Wright without reasonable suspicion or probable cause in violation of the Fourth Amendment guarantee against unreasonable searches and seizures. Those actions give rise to Plaintiff's claims pursuant to the Fourth Amendment, applicable to the states through the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. §1983.

58.     Defendants' acts were the direct and proximate cause of injury to Plaintiff. They were intentional and done in knowing violation of Plaintiff's legal and constitutional rights, without good faith, and with reckless disregard and/or callous indifference to Plaintiff's civil rights.

59.     Defendants' conduct interfered with Plaintiff's ability to assert his rights pursuant to the Fourth Amendment of the United States Constitution.

60.     Pursuant to 28 U.S.C. § 1331, upon proof of Defendants' violation of his federal constitutional rights Plaintiff is entitled to, and herein seeks, money damages, including compensatory and punitive damages from Defendants.

**VIII.    THIRD CAUSE OF ACTION: ILLEGAL SEARCH/SEIZURE OF PROPERTY – VEHICLE (42 U.S.C. § 1983)**

61.     Plaintiff restates the allegations of the above paragraphs.

62.     Officer Gregorio acted or purported to act in the performance of his official duties as an employee of, and under the official policy or custom of, the Seattle Police Department.

63.     Officer Larned acted or purported to act in the performance of his official duties as an employee of, and under the official policy or custom of, the Seattle Police Department.

COMPLAINT FOR DAMAGES – 12

64.     Unidentified law enforcement personnel acted or purported to act in the performance of their official duties as employees of, and under the official policy or custom of, their respective law enforcement agency.

65.     Mr. Wright had a right to be free from an unreasonable search and seizure of his property.

66.     Defendants Officer Gregorio, Officer Larned and unidentified law enforcement personnel seized Mr. Wright's vehicle and its contents. Defendants placed Mr. Wright into custody and took possession and/or control of Mr. Wright's vehicle. Defendants took possession of its contents in a manner that meaningfully interfered with Mr. Wright's right to possess his property.

67.     Defendants seized Mr. Wright's vehicle without a warrant authorizing the seizure. No written order, signed by a judge, existed to permit the law enforcement officers to seize Mr. Wright's vehicle or its contents.

68.     Defendants lacked legal justification to hold and search Mr. Wright's vehicle.

69.     The acts of Defendants holding and searching Mr. Wright's vehicle, without authority or legal justification, deprived Mr. Wright of his right to property.

70.     In seizing Mr. Wright's vehicle and its contents, Defendants acted intentionally and/or with deliberate indifference to Mr. Wright's rights.

71.     The seizure of Mr. Wright's property was unreasonable.

72.     Defendants deprived Mr. Wright of his property without due process of law.

73.     At all times relevant hereto, the rights held by Mr. Wright to be free from unreasonable seizure of his property were clearly established. Defendants' actions give rise to Plaintiff's claims pursuant to the Fourth Amendment, applicable to the states through the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. §1983.

COMPLAINT FOR DAMAGES – 13

74.     Upon information and belief, the Seattle Police Department has expressly adopted an official policy or has a longstanding practice or custom regarding traffic stops, vehicle impounds, narcotics investigations, and seizures of property.

75.     The acts of Defendants resulted in Mr. Wright's injury, including pecuniary and nonpecuniary damages and attorney fees and costs, in amounts to be determined at trial.

IX.     **FOURTH CAUSE OF ACTION: DENIAL OF EQUAL PROTECTION OF THE LAWS - RACIAL PROFILING (42 U.S.C. § 1983)**

76.     Plaintiff restates the allegations of the above paragraphs.

77.     Defendants, acting under color of law and in concert with one another, engaged in intentional race discrimination. In so doing, Defendants have caused Mr. Wright to suffer deprivations of his fundamental rights to liberty and to be free from unlawful searches and seizures on account of his race. These actions violated Plaintiff's rights to equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States.

78.     Upon information and belief, and after a reasonable opportunity for discovery, the plaintiff Mr. Roger Sinclair Wright will establish that the defendants stopped, investigated, searched, arrested, and detained/imprisoned plaintiff without reasonable articulable suspicion or probable cause based solely on the Mr. Wright's perceived race and national origin, and no other legitimate fact or circumstances which would have otherwise justified their actions.

79.     Defendants' unreasonable search and seizure of Mr. Wright and his property was motivated by his perceived race, ethnicity and/or national origin and thus denied Plaintiff his substantive right to equal protection under the laws, including to be free of search, seizure, arrest and detention/imprisonment without reasonable suspicion or probable cause.

COMPLAINT FOR DAMAGES – 14

80.     At all relevant times, these Defendants had a duty to not violate the civil rights of Mr. Wright.

81.     The acts of the defendants caused injury to Mr. Wright. They were intentional and done in knowing violation of the legal and constitutional rights of Mr. Roger Sinclair Wright, without good faith, and with reckless disregard and/or callous indifference to his civil rights.

82.     Pursuant to 28 U.S.C. § 1331, upon proof of Defendants' violation of his federal constitutional rights Plaintiff is entitled to, and herein seeks, money damages, including compensatory and punitive damages from Defendants.

### X.     PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1.      An award of compensatory and general damages against defendants and each of them, for all damages sustained by plaintiff as a result of Defendants' conduct;

2.      An award of exemplary and punitive damages against all defendants in an amount commensurate with each Defendant's ability to pay and to deter future conduct;

3.      Pre-judgment and post-judgment interest, as provided by law;

4.      An award of attorney fees and costs; and

5.      For such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### XI.     JURY DEMAND

Plaintiff hereby demands a trial by jury to all issues so triable.

DATED this 9th day of _____July_____, 2018.

COMPLAINT FOR DAMAGES – 15

1

2

3

4     By   _Roger Wright_____
      Roger Wright
5     Plaintiff *Pro Se*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES – 16