UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROGER SINCLAIR WRIGHT,

    Plaintiff,

v.

CHRISTOPHER GREGORIO, et al.,

    Defendants.

CASE NO. C18-1006 RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR ADDITIONAL TIME

This matter is before the Court on Defendant City of Seattle's Motion to Dismiss Under Rule 12(b)(6). Dkt. #6. Plaintiff has not substantively responded to Defendant's Motion, instead filing a Motion for Additional Time. Dkt. #15. Upon review of the record and for the following reasons, the Court determines that Plaintiff should not be granted additional time to respond, that Defendant's Motion should be granted, and that this action should be dismissed.

Plaintiff initiated this action against eleven named City of Seattle Police Officers, the City of Seattle, and DOES 1-10 who are alleged to be unidentified law enforcement officers and staff. Dkt. #1 at ¶¶ 2–16.[1] Plaintiff brings four claims for violation of his rights under 42 U.S.C. § 1983. *Id.* at ¶¶ 51–82 (excessive force, unreasonable search and seizure of person, illegal

---

[1] Defendant City of Seattle has appeared but there is otherwise no indication in the record that any of the other Defendants have been served.

ORDER – 1

search/seizure of property, and denial of equal protection). These claims arise from interactions between Plaintiff and various officers of the Seattle Police Department between October 9, 2004, and November 29, 2006. *Id.* at ¶¶ 19–41. The last contact resulted in two criminal convictions that were ultimately overturned by the Washington State Supreme Court on April 5, 2012. *Id.* at ¶ 43. Plaintiff does not allege any specific events after that date other than the 2014 filing of a civil action in this Court that was subsequently dismissed without prejudice. *Id.* at ¶ 46.

Defendant seeks dismissal on the basis that Plaintiff's § 1983 claims are clearly precluded by the applicable statute of limitations. Dkt. #6. Because § 1983 does not contain a statute of limitations, it borrows Washington's statute of limitations for personal injuries which is three years. *Wyant v. City of Lynnwood*, 621 F. Supp. 2d 1108, 1110 (W.D. Wash. 2008) (citing WASH. REV. CODE § 4.16.080(2)). Here the factual events giving rise to Plaintiff's claims happened no later than November 2006 and Plaintiff learned of any injury caused by his reversed convictions no later than April 2012. Accordingly, Plaintiff's claims are clearly precluded by the statute of limitations.

Plaintiff does not substantively respond to Defendant's Motion and therefore concedes that Defendant's Motion has merit. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Plaintiff did, however, file a Motion for Additional Time to respond to Defendant's Motion. Dkt. #15. But the Court does not find good cause to further delay resolution of this matter and denies Plaintiff's request.

Defendant's Motion to Dismiss was originally noted for the Court's consideration on August 24, 2018. *Id.* Defendant twice renoted its Motion for consideration on September 28, 2018 (Dkt. #8) and then November 30, 2018 (Dkt. #11). As that date approached, Plaintiff filed

ORDER – 2

a Motion for Additional Time indicating that he needed additional time "due to [Defendant] and its records department delaying multiple request for records." Dkt. #12. Defendant did not oppose Plaintiff's request for additional time but indicated that it would object to further extensions. Dkt. #13 at 2. Finding good cause for the additional time, the Court granted Plaintiff's Motion and renoted the matter for February 1, 2019. Dkt. #14.

With the February 1, 2019 noting date approaching, Plaintiff again filed a Motion for Additional Time indicating that Plaintiff is "asking for additional time due to the [Defendant] and its records department delaying multiple request for records. These documents are necessary to my case and argument for the Defendants [sic] motion to dismiss." Dkt. #15. Plaintiff asks the Court to note Defendant's Motion for June 7, 2019. *Id.* Defendant opposes Plaintiff's Motion and asks that the Court rule on, and grant, its Motion to Dismiss. Dkt. #16.

The Court may extend the time for consideration and briefing of Defendant's Motion upon a showing of good cause. Fed. R. Civ. P. 6(b). The Court does not find good cause for several reasons. First, Plaintiff has already been afforded three extensions and had approximately six months to substantively respond to Defendant's Motion. Second, Plaintiff has never provided any indication of the factual material he expects to discover if the Court grants additional time. *See California Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (no abuse of discretion in denying further discovery if "movant has failed diligently to pursue discovery" or "fails to show how the information sought would preclude" the adverse ruling). Here, the Court struggles to determine what factual material Plaintiff hopes to obtain to overcome the clear application of the statute of limitations to his claims. Third, Plaintiff provides the exact same justification for his first and second requests for additional time with absolutely no indication that any progress has been made in the intervening months. There is simply no

ORDER – 3

indication that a further extension of time will enable Plaintiff to better respond to Defendant's Motion.

Accordingly, having considered the relevant briefing and the record, the Court finds and ORDERS:

1. Defendant City of Seattle's Motion to Dismiss Under Rule 12(b)(6) (Dkt. #6) is GRANTED.
2. Plaintiff's Motion for Additional Time (Dkt. #15) is DENIED.
3. Plaintiff's claims are DISMISSED with prejudice.
4. The Clerk shall send a copy of this Order to Plaintiff at his last known address.
5. This matter is CLOSED.

Dated this 28th day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4